IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

FAITH D.,[1]
        Plaintiff,

v.                                                 Civil Action No. 3:20-cv-334

KILOLO KIJAKAZI,[2]
        Acting Commissioner of Social Security.

## OPINION

Faith D., the plaintiff, challenges the Social Security Administration ("SSA") Commissioner's final decision denying her claim for supplemental security income ("SSI"). On August 2, 2021, the Magistrate Judge issued a Report and Recommendation ("R&R") on the parties' cross-motions for summary judgment. The R&R recommended that the Court (1) deny the plaintiff's motion for summary judgment; (2) grant the Commissioner's motion for summary judgment; and (3) affirm the final decision of the Commissioner. The plaintiff objects to the R&R on two grounds. First, she argues that the R&R overlooks objective evidence sufficient to establish an absenteeism limitation in the plaintiff's residual functional capacity ("RFC"). Second, she argues that the R&R erroneously adopts post hoc rationalizations to justify the administrative law judge's ("ALJ") failure to address absenteeism in the Commissioner's denial of benefits. Because

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States recommends that, due to significant privacy concerns in social security cases, federal courts refer to a claimant only by their first name and last initial.

[2] On July 9, 2021, Kilolo Kijakazi became the Acting Commissioner of the Social Security Administration. Pursuant to Federal Rule of Civil Procedure 25(d), the Court substitutes Acting Commissioner Kijakazi as the defendant in this suit.

the ALJ applied the correct legal standard and substantial evidence supports her factual findings, the Court will adopt the R&R and overrule the plaintiff's objections.

## I. BACKGROUND

SSA initially denied the plaintiff's claim for disability benefits and again denied her request upon reconsideration. The plaintiff then filed a written request for a hearing before an ALJ. Following the hearing, the ALJ issued a written opinion denying the plaintiff's claim. The ALJ concluded that the plaintiff was not disabled because she could perform work that existed in significant numbers in the national economy. The SSA Appeals Council denied the plaintiff's request for review, rendering the ALJ's decision the final decision of the SSA Commissioner, subject to this Court's review.

On May 13, 2020, the plaintiff filed a complaint in this Court, appealing the Commissioner's decision pursuant to 42 U.S.C. § 405(g). The Court referred the matter to a Magistrate Judge for an R&R pursuant to 28 U.S.C. § 636(b)(1)(B) and the parties filed cross-motions for summary judgment. Upon review, the Magistrate Judge recommended that the Court (1) deny the plaintiff's motion for summary judgment; (2) grant the Commissioner's motion for summary judgment; and (3) affirm the final decision of the Commissioner. (ECF No. 23.)

## II. DISCUSSION

This Court reviews de novo any part of the R&R to which a party has properly objected. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). The Court may accept, reject, or modify, in whole or in part, the magistrate judge's recommended disposition. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). A court "will affirm the Social Security Administration's disability determination 'when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence.'" *Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015) (quoting

*Bird v. Comm'r of SSA*, 699 F.3d 337, 340 (4th Cir. 2012)); *see also Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (clarifying that the question is not whether the claimant is disabled, but whether substantial evidence supports the ALJ's finding of no disability). Substantial evidence exists to support a finding when there is "relevant evidence [that] a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (quoting *Craig*, 76 F.3d at 589). In other words, substantial evidence requires more than a scintilla, but less than a preponderance of the evidence. *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (citing *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). If "conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled," the Court must defer to the Commissioner's decision. *Johnson*, 434 F.3d at 653. At the same time, however, the Court "must not abdicate . . . [its] duty to scrutinize the record as a whole to determine whether the conclusions reached are rational." *Oppenheim v. Finch*, 495 F.2d 396, 397 (4th Cir. 1974) (citations omitted).

When an individual applies for SSI, the ALJ applies a five-step process to determine whether the individual is disabled. 20 C.F.R. § 416.920(a) (2021); *see Mascio*, 780 F.3d at 634–35 (describing the five-step process). As relevant to the plaintiff's objections here, between the third and fourth steps of the analysis the ALJ must assess and make a finding about the claimant's RFC. 20 C.F.R. § 416.920(e). "To assess the claimant's [RFC], the ALJ must first identify the claimant's 'functional limitations or restrictions' and assess the claimant's 'ability to do sustained work-related' activities 'on a regular and continuing basis'—*i.e.*, '8 hours a day, for 5 days a week, or an equivalent work schedule.'" *Arakas v. Comm'r, SSA*, 983 F.3d 83, 90 (4th Cir. 2020) (citing SSR 96-8p, 1996 WL 374184, at *1 (July 2, 1996)). The RFC is an ALJ's assessment—based on all relevant medical and other evidence—of "the most [the claimant] can still do despite [the claimant's] limitations." 20 C.F.R. § 416.945(a)(1).

3

The plaintiff objects to the R&R on two grounds. First, she argues that, contrary to the R&R, the objective evidence is sufficient to establish an absenteeism limitation in her RFC. In other words, the plaintiff argues that substantial evidence does not support the ALJ's formulation of her RFC. Second, the plaintiff argues that the R&R erroneously adopts post hoc rationalizations to justify the ALJ's failure to address absenteeism in the Commissioner's denial of benefits. In other words, the plaintiff argues that the ALJ erred by not addressing absenteeism in the denial of benefits. The Court addresses each objection in turn.

### A. *Substantial Evidence Supports the ALJ's Formulation of the Plaintiff's RFC.*

First, the plaintiff argues that the objective evidence is sufficient to establish an absenteeism limitation in her RFC. This argument restates the argument the plaintiff made in her motion for summary judgment: that is, that substantial evidence does not support the ALJ's formulation of her RFC. (ECF No. 17-1, at 8.) Because the plaintiff rehashes the same argument she raised in her motion for summary judgment, the Court finds review of the issue unnecessary. *See Nichols v. Colvin*, 100 F. Supp. 3d 487, 497 (E.D. Va. 2015) ("[A] mere restatement of the arguments raised in the summary judgment filings does not constitute an 'objection' for the purposes of district court review.") (citing *Abou-Hussein v. Mabus*, No. 2:09-1988, 2010 WL 4340935, at *1 (D.S.C. Oct. 28, 2010), *aff'd*, 414 F. App'x 518 (4th Cir. 2011)). The Court nevertheless notes that the Magistrate Judge thoroughly considered this argument in the R&R and rejected it, finding that substantial evidence supported the ALJ's formulation of the plaintiff's RFC because "[b]eyond [the plaintiff's] medical record revealing doctor's appointments in the past, and the unpersuasive and cursory opinion rendered by Dr. Nandan, additional evidence is lacking regarding [her] possible absenteeism." (ECF No. 23, at 10, 11). For the same reasons as the

4

Magistrate Judge, the Court finds that substantial evidence supports the ALJ's formulation of the plaintiff's RFC.

### B. *The ALJ Provided a Logical Explanation for how she Arrived at her RFC Findings.*

The plaintiff next argues that the ALJ "failed to address absenteeism" and notes that the ALJ "did not reject or discount the frequency of the plaintiff's medical treatment or find the plaintiff's medical treatment unnecessary or excessive." (ECF No. 25, at 9, 11.) According to the plaintiff, "[a]ny attempt to explain or justify why the ALJ failed to include absenteeism in the RFC is impermissible *post hoc* rationalization." (*Id.* at 10.)

The standard for a proper RFC requires "(1) evidence, (2) logical explanation, and (3) conclusion," with the ALJ's logical explanation comprising "just as important" a part as the other two. *Thomas v. Berryhill*, 916 F.3d 307, 311 (4th Cir. 2019) (finding that the ALJ's analysis of the claimant's RFC "contain[ed] too little logical explanation for [the court] to conduct meaningful appellate review"). The ALJ must "build an accurate and logical bridge from the evidence to [the ALJ's] conclusion." *Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016) (quoting *Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000)).

Here, the evidence that would support potential absenteeism includes only (1) Dr. Nandan's medical opinions and (2) evidence of the plaintiff's past medical appointments. As described in the R&R, Dr. Nandan completed a questionnaire in which he indicated—by merely circling an answer on the questionnaire—that, on average, the plaintiff's impairments and treatment would cause her to be absent from work "[m]ore than twice a month." (ECF No. 23, at 9 (citing R. at 763)). "Dr. Nandan did not include a 'factual basis for [his] opinion,' as prompted by the questionnaire and failed to further support his opinion that [the plaintiff] would be absent from work more than twice a month." (*Id.* at 9–10) The ALJ did not find Dr. Nandan's opinions

5

very persuasive, explaining that (1) the objective record does not support the level of limitation Dr. Nandan describes; (2) the claimant's response to treatment and her daily activities do not support such significant limitations; (3) Dr. Nandan bases his opinions on the plaintiff's subjective allegations versus the objective findings; and (4) Dr. Nandan circled his answer on the questionnaire without providing any further explanation. (R. at 25.) Though the ALJ does not use the term "absenteeism" in her explanation, she compares Dr. Nandan's opinion to other evidence in the medical record and specifically notes that Dr. Nandan failed to include an explanation for items in the questionnaire. In doing so, the ALJ creates an "accurate and logical bridge" from the evidence the doctor presented—that the plaintiff would need to miss work more than twice per month—to her finding of such evidence as not very persuasive.

As to the evidence of the plaintiff's past medical appointments, the ALJ outlined significant portions of the plaintiff's medical history—including citations to specific appointments—and explained how she reached her conclusions in the RFC based on the medical history.[3] (*Id.* at 21–24.) The ALJ did not explicitly address absenteeism in her explanation, but the ALJ "[is] not required to assume facts for which there is no evidence—here, that the plaintiff's regularly scheduled appointments would result in absenteeism."[4] *Prudich v. Saul*, No. 1:20cv19, 2021 WL

---

[3] The ALJ notes that "the claimant had to be hospitalized only once." (*Id.* at 23.) Though not noted in the ALJ's denial of benefits, the Court notes that the record shows two periods of hospitalization: July 15–19, 2018, (*id.* at 1331–1622), and July 21–27, 2018, (*id.* at 1623–1852).

[4] The plaintiff cites several cases where courts found that the ALJ improperly failed to include an absenteeism limitation or failed to adequately address absenteeism in the decision. (ECF No. 25, at 5–6.) Unlike here—where the plaintiff had mostly scheduled medical appointments, took two trips to the emergency room, and had to be hospitalized on two occasions—in the cited cases the medical record included evidence of consistent, frequent, and repeated appointments or of unscheduled treatment. *See Dimailig v. Saul*, No. 1:19cv441, 2020 WL 6749856, at *11 (E.D. Va. Nov. 17, 2020) (finding the ALJ's explanation insufficient where the claimant's psychiatrist and treating physician provided evidence, consistent with the claimant's testimony, that the claimant would miss work several times per month); *Herrman v. Berryhill*,

933864, at *3 (S.D.W. Va. Mar. 11, 2021). At the RFC stage, it remains the plaintiff's burden to prove the number of days she would miss due to her illnesses. *See id.*; *Thomas v. Berryhill*, 916 F.3d 307, 310 (4th Cir. 2019) ("For the first four steps, the burden lies with the claimant . . . .") (citing *Mascio*, 780 F.3d at 635); *cf. Bailey v. Berryhill*, No. 3:17-cv-1365, 2018 WL 2091358, at *23 (S.D.W. Va. Apr. 10, 2018) (finding that the "[c]laimant had regularly scheduled appointments for maintenance of her chronic conditions," rather than "unforeseen medical emergencies or complications," and that "there is no indication that such appointments would require [the claimant] to miss a full day of work, much less multiple full days of work per month."). Here, the plaintiff's record of mostly scheduled, non-emergency medical appointments—without more—does not require the ALJ to assume or address speculative future absences.

---

No. 17-0653, 2018 WL 3036469, at *4 (D. Md. June 18, 2018) (finding that the ALJ failed to properly explain the lack of an absenteeism limitation where both the ALJ's narrative and the medical opinions the ALJ afforded significant weight noted that the claimant might be unable to leave his home due to his anxiety); *Gregory v. Berryhill*, No. 16-3251, 2018 WL 1326400, at *8 (D. Md. Mar. 15, 2018) (concluding that "the ALJ failed to address the level of absenteeism that [the claimant's] repeated hospitalizations due to drug overdoses would create . . . ."); *Letavia D. B. v. Saul*, No. 19-1708, 2020 WL 3268051, at *5 (D. Md. June 17, 2020) (finding that the ALJ failed to address "the level of absenteeism that [the claimant's] repeated hospital visits . . . created . . . .").

Of the cases the plaintiff cites, *Payne v. Commissioner* represents the closest parallel to this case. No. 14-1015, 2015 WL 412923, at *1 (D. Md. Jan. 29, 2015). There, the claimant suffered from kidney stones and frequently sought treatment for flares despite ongoing medical attention. *Id.* Because the ALJ did not address absenteeism even though "[m]ost of [the claimant's] appointments were emergency room visits . . . or surgeries which likely required some period of post-surgery recovery," the court remanded "to permit the ALJ to fulfill her duty of explanation." *Id.* Unlike *Payne*, however, most of the plaintiff's medical appointments in this case constitute scheduled appointments rather than unexpected emergencies. *See Hickey v. Berryhill*, No. 16-3524, 2017 WL 4023095, at *4 (D. Md. Sept. 12, 2017) (distinguishing *Payne* where the claimant's medical appointments "would arise from scheduled appointments, not 'quite frequent' emergencies . . . .").

7

Because the ALJ explained why she found Dr. Nandan's medical opinions not very persuasive, incorporated the plaintiff's medical history into her reasoning, and was not required to assume potential future absences based on the record of mostly scheduled, non-emergency medical appointments, the ALJ satisfied the requirement that she "build an accurate and logical bridge" from the evidence to her conclusions in the RFC.

## IV. CONCLUSION

The Court will overrule the plaintiff's objections to the R&R, grant the Commissioner's motion for summary judgment, and deny the plaintiff's motion for summary judgment. Accordingly, the Court will adopt the Magistrate Judge's R&R.

An appropriate Order will accompany this Opinion.

Let the Clerk send a copy of this order to all counsel of record.

Date: 22 September 2021
Richmond, VA

/s/
John A. Gibney, Jr.
United States District Judge